UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X          For Online Publication Only
JAMES KELLY,

                       Plaintiff,

                                                       **ORDER**
    -against-                                21-CV-3166 (JMA)(ARL)

NEW YORK STATE UNIFIED COURT
SYSTEM,



                       Defendant.
----------------------------------------------------------------X
**AZRACK, District Judge:**

      On June 4, 2021, pro se plaintiff James Kelly ("Plaintiff") commenced this action against defendant the New York State Unified Court System ("Defendant") and requested a temporary restraining order ("TRO") and preliminary injunction. (ECF No. 1.) For the following reasons, the Court denies Plaintiff's request for a preliminary injunction and TRO and dismisses Plaintiff's complaint in its entirety.

## I. BACKGROUND

      Plaintiff's complaint alleges that a rule of the New York State Unified Court System that allegedly prohibits individuals from recording or broadcasting within its courtrooms is unconstitutional. Plaintiff also appears to challenge a ruling issued by a state court judge on February 22, 2021 concerning the recording of proceedings in which Plaintiff is a party.[1] As relief, Plaintiff asks this Court to issue a TRO and preliminary injunction enjoining Defendant from prohibiting Plaintiff from recording certain proceedings in New York State Supreme Court,

---

[1] This order concerns a hearing in state court that is scheduled to occur on June 9, 2021. Plaintiff's papers do not explain why he waited, until essentially, the eve of this hearing, to bring his application for a TRO.

Suffolk County. (ECF No. 1.)

## II. DISCUSSION

### A. Preliminary Injunction and Temporary Restraining Order

Plaintiff has not met the requirements for a preliminary injunction or TRO. "A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc., 883 F.3d 32, 37 (2d Cir. 2018) (internal citation omitted). "In this Circuit, the standard for entry of a temporary restraining order is the same as for a preliminary injunction." 1077 Madison St., LLC v. Mar., No. 14-CV-4253, 2017 WL 6387616, at *2 (E.D.N.Y. Aug. 22, 2017), aff'd sub nom. 1077 Madison St., LLC v. Daniels, 954 F.3d 460 (2d Cir. 2020). For the reasons explained below, Plaintiff has not shown a likelihood of success on the merits or serious questions on the merits and therefore, his request for a temporary restraining order or preliminary injunction is denied.

### B. The Complaint

#### 1. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a claim when there is a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A case is properly dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see Fed. R. Civ. P. 12(b)(1). As the party asserting jurisdiction, Plaintiff bears the burden of showing by a preponderance of the evidence that the Court has subject-matter jurisdiction. APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003).

Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court sua sponte. Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700-01; see also Fed. R. Civ. P. 12(h)(3).

**2. Sovereign Immunity**

Plaintiff's claims against the New York State Unified Court System are barred by the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity...." Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief." Yi Sun v. Saslovsky, No. 19-CV-10858, 2020 WL 6828666, at *3 (S.D.N.Y. Aug. 6, 2020) (citing Green v. Mansour, 474 U.S. 64, 72-74 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984)). The New York State Unified Court System is an arm of the State of New York and, as such, enjoys Eleventh Amendment immunity. See Gollomp, 568 F.3d at 368 ("the New York State Unified Court System is unquestionably an 'arm of the State,' . . . and is entitled to Eleventh Amendment sovereign immunity.")

Accordingly, the Court dismisses Plaintiff's claims against the New York State Unified Court System pursuant to Rule 12(b)(1) because such claims are barred by Eleventh Amendment immunity.[2]

C. **Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). Although "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Hassan v. U.S. Dep't of Veterans Affairs, 137 F. App'x 418, 420 (2d Cir. 2005). Here, the Court has carefully considered whether Plaintiff should be granted leave to amend the complaint. Given the grounds set forth above for dismissing Plaintiff's claims, the Court finds that any amendment of Plaintiff's claims would be futile. Consequently, the Court declines to grant Plaintiff leave to amend his complaint.

### III. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's request for a TRO and preliminary injunction and dismisses Plaintiff's complaint in its entirety.

---

[2] Even if subject-matter jurisdiction existed, this Court would, sua sponte, abstain from hearing this suit for injunctive relief pursuant to the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). Under Younger, district courts should abstain from exercising jurisdiction only in three "exceptional circumstances' involving (1) 'ongoing state criminal prosecutions,' (2) 'certain civil enforcement proceedings,' and (3) 'civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" Falco v. Justices of the Matrimonial Parts of Supreme Court of Suffolk Cty., 805 F.3d 425, 427 (2d Cir. 2015) (Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013)). Plaintiff's complaint concerns "'civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" The crux of Plaintiff's claim concerns the state court's February 22, 2021 order regarding the recording of proceedings, which clearly is an order "uniquely in furtherance of the state court's ability to perform" its judicial function.

Although Plaintiff paid the fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to Plaintiff at his last known address.

**SO ORDERED.**

Dated: June 7, 2021
      Central Islip, New York

                                        /s/   (JMA)
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE